Matter of Tuve (2019 NY Slip Op 02949)





Matter of Tuve


2019 NY Slip Op 02949


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: April 18, 2019
[*1]
In the Matter of JESSICA MARIE TUVE, Also Known as JESSICA
 MARIE ST. GERMAIN, a Resigned
 Attorney. 

(Attorney Registration No. 4562773)

Calendar Date: March 25, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


Jessica St. Germain, Setauket, New Jersey, respondent
pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Jessica Marie Tuve was admitted to practice by this Court in 2008 after previously being admitted in New Jersey in 2007. She most recently practiced with a law firm in New Jersey but took on retired status in that jurisdiction in 2012 and, later that same year, she successfully applied to this Court for leave to resign from the New York bar. Tuve now applies for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]) and, by correspondence dated March 14, 2019, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it defers to our discretion concerning the application.
"[A]n applicant for reinstatement following nondisciplinary resignation should establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Weiss, 166 AD3d 1159, 1160 [2018]; see Matter of Lipman, 152 AD3d 1158 [2017]; Matter of Felder, 152 AD3d 1155, 1155 [2017]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In assessing the merits of such an application, we are afforded the "broad discretion to 'grant the application and restore the attorney's name to the roll of attorneys; or deny the application with leave to renew upon proof that the applicant has successfully completed the Multistate Professional Responsibility Examination . . . or the New York State Bar Examination . . .; or take such other action as [we deem] appropriate'" (Matter of Weiss, 166 AD3d at 1160, quoting Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]).

Here, Tuve has completed the requisite form affidavit, and the information provided therein raises no issues concerning her character or fitness for the practice of law in New York. As to Tuve's legal education and experience, however, her [*2]application materials reveal that she has been completely separated from the practice of law, both in New York and elsewhere, for more than six years. Notably, such an attenuation from practice would likely render Tuve ineligible for admission on motion were she seeking such relief in the first instance (see Rules of Ct of Appeals [22 NYCRR] § 520.10 [a] [2]; see also Rules of Ct of Appeals [22 NYCRR] § 520.12 [d]). Furthermore, as is noted by AGC, Tuve has only accumulated a single hour of accredited continuing legal education (hereinafter CLE) during the preceding six-plus years. Accordingly, under the circumstances, we grant Tuve's application for reinstatement conditioned upon her completion of 15 credit hours of CLE, over and above such CLE as would be required of her upon her resumption of practice in New York (see Rules of App Div, All Depts [22 NYCRR] § 1500.22 [n] [3]), prior to the conclusion of her current biennial registration period (see Rules of App Div, All Depts [22 NYCRR] § 1500.22 [b]).
 Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that Jessica Marie Tuve's application for reinstatement is granted; and it is further
ORDERED that Jessica Marie Tuve's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Jessica Marie Tuve shall, within 30 days of the date of this order, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1; and it is further
ORDERED that Jessica Marie Tuve shall submit documentation to the Attorney Grievance Committee for the Third Judicial Department establishing that she has completed 15 credit hours of accredited continuing legal education, all in addition to the continuing legal education credits otherwise required of her (see Rules of App Divs, All Depts [22 NYCRR] part 1500), prior to the conclusion of her current biennial registration period.